# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 00-2316

———————

Dana A. Younger,

        Appellant,

v.

Kenneth S. Apfel, Commissioner of
Social Security Administration,

        Appellee.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Arkansas.
\*
\*      [UNPUBLISHED]
\*
\*

———————

Submitted: March 6, 2001
Filed: March 12, 2001

———————

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.

———————

PER CURIAM.

Dana A. Younger appeals the District Court's[1] order affirming the Commissioner's decision to deny her disability insurance benefits and supplemental security income. Younger alleged that since August 1995 she has been disabled from shortness of breath caused by asthma and bronchitis, and from arthritis-related pain and severe muscle spasms. After an administrative hearing, the administrative law judge

———————

[1]The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

(ALJ) found her not disabled based on the medical-vocational guidelines (guidelines). Having carefully reviewed the record, we affirm.

Younger did not allege a mental problem in her disability application or at the hearing, and was not diagnosed with, or treated for, depression until almost a year after the ALJ rendered his decision. Cf. Smith v. Shalala, 987 F.2d 1371, 1375 (8th Cir. 1993) (finding that the ALJ properly discredited a psychiatrist's report where the claimant did not allege disabling mental impairment in the application, had never sought or been referred for mental treatment, and merely made vague statements about nervousness). Thus, her suggestion that she is unable to perform the full range of sedentary work because of mental problems and also because of problems in using her hands—another limitation not mentioned in her application, at the hearing, or to her physicians—is meritless. The ALJ also properly relied on the guidelines in finding her not disabled. See Gray v. Apfel, 192 F.3d 799, 802 (8th Cir. 1999) (holding that the ALJ may rely on the guidelines when a claimant has only exertional restrictions).

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.